LEARNED vs. BISHOP and wife.

*(1) Foreclosure of mortgage. (2) Amendment of complaint.*

1. Where the condition of A.'s mortgage to B. is, that A. shall pay at maturity his earlier mortgage to X. upon lands conveyed by A. to B., and shall save B. harmless therefrom, B., not having himself paid the X. mortgage, cannot (at least in a suit to which X. is not a party) foreclose A.'s mortgage to him, for A.'s failure to pay the X. mortgage.
2. Under the statute, this court, on reversal of a judgment for entire insufficiency of the action, cannot grant the respondent leave to amend as he may be advised. In this case it directs the court below to dismiss the complaint without prejudice to another action.

APPEAL from the Circuit Court for *Fond du Lac* County.

Foreclosure of a mortgage. The case made by the complaint was this: In 1873, the plaintiff and his wife sold and conveyed to the defendant *John C. Bishop* certain lands for $13,000, and, as part payment therefor, the defendants sold and conveyed to the plaintiff certain other lands, including lands specifically described in the complaint, then incumbered by a mortgage made by the defendants to one Arch Bishop and then held by him, dated February 11, 1869, for $2,236, payable with interest February 11, 1874; and defendants, at the time of the conveyance by plaintiff to them, executed and delivered to the plaintiff a mortgage on the lands so conveyed, conditioned that they, their heirs, etc., should pay or cause to be paid said mortgage to Arch Bishop, and the note secured thereby, at maturity, and have the mortgage discharged of record, and save the plaintiff entirely harmless therefrom. The defendants, however, failed to pay said note and mortgage to Arch Bishop at maturity, and the same remained wholly unpaid at the commencement of this action, and were a subsisting lien upon the lands described therein.

The answer alleges that no part of the indebtedness secured by the mortgage to Arch Bishop has been paid by the plaintiff; that he has not been disturbed in his possession; and that

no proceedings have been commenced for the collection of said mortgage debt.

At the trial, defendants objected to the introduction of any evidence under the complaint, on the grounds that it did not state a cause of action, and that Arch Bishop was a necessary party. The objection was overruled. The court found the facts substantially as alleged in the complaint, and rendered judgment of foreclosure as therein demanded; from which the defendants appealed.

For the appellants, a brief was filed, signed by *J. M. Gillet*, and the cause was argued orally by *H. E. Connit*. They contended that there was no absolute covenant on the part of the defendants to pay the Arch Bishop mortgage, but merely a covenant of indemnity against it; and that, before eviction of the covenantee from the lands, or payment by him of the incumbrance, or other actual damage, he could not recover from the covenantors the amount of the incumbrance, or anything more than nominal damages. Sedgwick on Dam. (6th ed.), 202, and cases cited; Rawle on Cov., 93-4; 2 Barn. & Ad., 772; *Stevens v. Sinclair*, 1 Hill, 143; *Aberdeen v. Blackmar*, 6 id., 324; *Douglas v. Clark*, 14 Johns., 177; *Stanard v. Eldridge*, 16 id., 254; *Jackson v. Port*, 17 id., 479; *Kent v. Welch*, 7 id., 258; *Scott v. Tyler*, 14 Barb., 202; *Churchill v. Hunt*, 3 Denio, 321; *Gilbert v. Wiman*, 1 N. Y., 550; *Low v. Archer*, 12 id., 277; *Trinity Church v. Higgins*, 48 id., 532; *Brooks v. Moody*, 20 Pick., 474; *Prescott v. Truman*, 4 Mass., 627; *Wyman v. Ballard*, 12 id., 304; *Pillsbury v. Mitchell*, 5 Wis., 17; *Eaton v. Lyman*, 30 id., 41.

For the respondent, a brief was filed by *Priest & Carter*, and there was oral argument by *Mr. Priest*. They contended that, as the covenant was one to pay the Arch Bishop mortgage at maturity, and have it discharged of record, plaintiff could recover without having himself discharged the incumbrance, and without proof of actual damage. *Ex parte Negus*, 7 Wend., 499: *Chace v. Hinman*, 8 id., 452; *Webb v. Pond*,

19 id., 423; *Rockfeller v. Donnelly*, 8 Cow., 623; *Churchill v. Hunt*, 3 Denio, 321; *Thomas v. Allen*, 1 Hill, 146; *Devol. v. McIntosh*, 23 Ind., 529; *Ham v. Hill*, 29 Mo., 275; *Wilson v. Stillwill*, 9 Ohio St., 457; *Lethbridge v. Mytton*, 2 Barn. & Ad., 772; Sedgwick on Dam. (6th ed.), 370.

RYAN, C. J.  The condition of the mortgage to the respondent is to pay Arch Bishop his mortgage at maturity, and to save the respondent harmless from it.  It expresses or implies no agreement to pay the respondent the amount of the Arch Bishop mortgage, at any time, or in any contingency, except the clause of indemnity.  And as the respondent could avail himself of the agreement to indemnify him, only upon first paying the Arch Bishop mortgage himself, his right to foreclose the present mortgage rests entirely upon the appellants' agreement to pay the other mortgage to Arch Bishop.

And we should think it a waste of time to examine authorities or to enlarge upon the question, whether a mortgage can be foreclosed for the mortgagor's failure to do something which he had not agreed to do by the mortgage, or by the agreement which it secures.  If the respondent ought, in justice between him and the appellants, to have such a right of foreclosure, upon failure of the latter to pay the Arch Bishop mortgage, the defect of right is in the contract, not in the court.  The court cannot supply a clause in the contract, which the parties saw fit to omit.

If this judgment should stand, and the respondent should collect the amount of this mortgage, he would be under no very apparent obligation at law, certainly under no necessity in fact, to apply the amount in payment of the Arch Bishop mortgage.  The amount is indeed the debt of the appellants themselves, but due to a stranger; and the judgment compels them to pay it to another, while it leaves them still liable for it to the payee.  It is possible that the appellants might maintain a suit in equity to compel the application of the avails

of this mortgage upon the Arch Bishop mortgage. But, even in that case, it surely would be inequitable to compel in one suit· a payment which they did not agree to make, and so drive them to another suit to compel the application of the amount to a payment which they did agree to make; with all the intervening risks of litigation. And, indeed, if this foreclosure should stand, the amount would be soon insufficient to satisfy the Arch Bishop mortgage, which would be accumulating in the meantime; so that the appellants, having once paid their debt, would still have to pay interest upon it for an indefinite time. All this is not within the ways of courts of equity, which profess never to enforce what is inequitable, and always to decree complete equity in the subject matter between the parties.

It was said, however, on the argument, that the court below could order the avails of this mortgage into court, to be applied on the Arch Bishop mortgage. There are several difficulties in the way of this. Arch Bishop is not a party, and the court has no power over him. It is not easy to see how he could now be brought into court, in a way to bind him in this suit. The amount realized under the judgment might be insufficient to pay his mortgage in full, or he might claim a greater amount due on his mortgage than the court had found to be due on this; and the court would have no power, in this cause, to compel him to accept a partial or unsatisfactory payment. The respondent might be obliged to become himself the purchaser, when there would be no money to bring into court or to pay to Arch Bishop. In any view, it would be necessary to amend the complaint, bringing in Arch Bishop as defendant, and praying for the application of the proceeds of this mortgage upon his.

That might possibly have been done; we do not say. But we do hold that there can be no foreclosure of this mortgage, in a suit to which Arch Bishop is not a party, until the respondent shall have first paid the mortgage held by him.

We should be glad to remand this cause with leave to the respondent to amend and shape it, as he might be advised, with the hope of obtaining some beneficial relief. But we are satisfied that, under the statute, we have power only to reverse and direct the dismissal of the complaint, or to reverse and direct a new trial, which — as the cause stands — would be unavailing to the respondent. *Du Pont v. Davis*, 35 Wis., 631.

*By the Court.* — Judgment reversed, and cause remanded to the court below with directions to dismiss the complaint, without prejudice to another action.