SELLECK and another vs. GRISWOLD and wife.

*February 27 — March 13, 1883.*

*Agreement to assume incumbrances: Covenant against liability or against damage ?*

1. An action may be maintained for a breach of covenant *against liability*, without alleging or proving damage resulting from such breach; but in the case of a covenant *against damage* because of liability, such damage must be proved.

2. An agreement by a purchaser of land to assume and pay an incumbrance thereon implies, at most, a covenant of indemnity against damage resulting from a breach of such agreement, and not a covenant against liability for the debt.

APPEAL from the Circuit Court for *Door* County.

The plaintiffs were the owners of certain tracts of timbered lands in Door county, Wisconsin, and the defendants owned certain lots in Cook county, Illinois. In 1874 the parties entered into two contracts, in writing, for an exchange of the lands and lots so owned by them, respectively, on the terms and conditions specified in such contracts. One of these conditions was that the defendants might borrow $2,500 for six months, and secure the same by an incumbrance on a portion of the Cook county lots. They effected the loan and gave a trust deed on some of the lots to secure it. After the lands and lots were conveyed pursuant to the contract, the plaintiffs paid such incumbrance to protect their title. This action was brought to recover of the defendants the amount thus paid. The defendants interposed a counterclaim for damages for alleged breaches of certain stipulations in the preliminary contracts, relating to the amount of timber on the Door county lands. On the trial the plaintiffs established their cause of action stated in the complaint. The defendants recovered on their counterclaim an amount in excess of the plaintiffs' demand, and had judgment for such excess.

On appeal this court reversed the judgment. 49 Wis., 39. The members of the court who participated in the decision were equally divided in opinion as to whether judgment for the plaintiffs or a new trial should be ordered. So the cause was remanded without directions. The circuit court thereupon granted a new trial, with leave to the defendants to interpose an amended answer, which they accordingly did. The amended answer contains the following counterclaim: " And for a further counterclaim the defendants aver that

the plaintiffs, as a part of the consideration and purchase price of the said property conveyed by defendants to them, agreed in said contracts to assume and pay certain incumbrances then on said property, among which incumbrances so agreed to be assumed and paid was the note hereinbefore described, made by said defendant *Levi M.*, dated September 19, A. D. 1873, due one year after date, for the sum of $2,550, with interest at ten per cent. per annum, which note was secured by trust deed upon the lots in Phare's subdivision so agreed to be conveyed, and which were conveyed by defendants to plaintiffs, which said last-mentioned incumbrance the plaintiffs have not paid, nor any portion thereof, and, as a consequence, a judgment has been rendered thereon against said *Levi M.* for the amount of said note, with the interest thereon, and there is now due from plaintiffs, on account of said last-mentioned incumbrance, the sum of $2,550, with interest thereon at ten per cent. per annum from the 19th day of September, A. D. 1873 to the present time." It is previously stated in the answer that the above note was made to the order of Nichols & Fitch. To the above counterclaim the plaintiffs demurred, alleging that (1) it does not state a cause of action; and (2) the facts therein stated are not pleadable as a counterclaim in the action. This appeal is by the defendants from an order sustaining such demurrer.

The cause was submitted for the appellants on the brief of *E. A. Sherburne*, and for the respondents on that of *J. V. Quarles*, as attorney, and *Chas. Quarles*, of counsel.

For the appellants it was contended, *inter alia*, that where a party holds, not merely an agreement to indemnify and save him harmless from a debt, but an express promise to pay it, or to do some particular act, the failure to perform the act agreed on gives the plaintiff a right of action even before he has suffered any direct damage himself. And in such case the measure of damages is the amount of debts provided for in the agreement. 2 Sedg. on Dam. (7th ed.),

4–9, 20, 21, 506; 1 id., 363, note *b; Furnas v. Durgin,* 119 Mass., 500; *Seligman v. Dudley,* 14 Hun, 187; *Johnson v. Britton,* 23 Ind., 105; *Young v. Stone,* 4 Watts & S., 45; *Gage v. Lewis,* 68 Ill., 604; *Smith v. Riddell,* 87 id., 165; *Wicker v. Happock,* 6 Wall., 94; *Ham v. Hill,* 29 Mo., 275; *Loosemore v. Radford,* 9 Mees. & W., 657; *Toussaint v. Martinnant,* 2 Term, 100; *Martin v. Court,* id., 640; *Hodgson v. Bell,* 7 id., 97; *Atkinson v. Coatsworth,* 8 Mod., 33; *Hodgson v. Wood,* 2 H. & C., 649; *Ex parte Negus,* 7 Wend., 499; *Mann v. Eckford,* 15 id., 502; *Jackson v. Port,* 17 Johns., 479; *Lethbridge v. Mytton,* 2 B. & Ald., 772; *Merriman v. Pine Lumber Co.,* 23 Minn., 314; *Churchill v. Hunt,* 3 Denio, 321; *Trinity Church v. Higgins,* 48 N. Y., 532; *Stout v. Folger,* 34 Iowa, 71; *Redfield v. Haight,* 27 Conn., 31.

LYON, J. The case made by the counterclaim under consideration is that the defendants conveyed to the plaintiffs certain lots, in consideration of which the plaintiffs covenanted and agreed to assume and pay certain existing incumbrances thereon, one of which was a trust deed given to secure the payment of a note made by the defendant *Levi M. Griswold* to Nichols & Fitch for $2,550; that the plaintiffs have failed to pay the incumbrance, and that the holder of the note has obtained a judgment thereon against the maker.

The question to be determined is whether the defendants, or rather the defendant *Levi M.,* has any cause of action against the plaintiffs by reason of their failure to perform their covenant, before he has paid the judgment or some part of it. The question is not a very difficult one. The plaintiffs are not charged with having given an express covenant of indemnity. They assumed and promised to pay the incumbrance, which doubtless means the debt which the trust deed was given to secure. That is the extent of their undertaking. As between them and the maker of the note, prob-

ably they became the principal debtors, and the maker stood in the relation of a surety for the payment by them of the debt. Such is the strong intimation in *Gates v. Hughes*, 44 Wis., 332. See, also, the cases there referred to. It is elementary doctrine that, in the absence of express stipulations of indemnity, the surety cannot maintain an action against the principal, on account of such suretyship, until he is damaged by the default of the principal; that is, in this case, until he pays the debt for which he is surety, or some portion of it. 2 Sedg. on Dam. (7th ed.), 3.

Counsel have discussed at some length the nature of the contract of indemnity, and the distinction between indemnity against liability and one against loss or damage for liability, and have cited many cases to show that the contract of the plaintiffs to assume and pay the incumbrance is within one or the other of these two classes.

It seems to be settled in this state that an action may be maintained for a breach of covenant against liability, without alleging or proving loss or damage resulting from the breach. Not so, however, if the covenant be against damage because of liability. In such case loss or injury must be proved, or there can be no recovery. *Smith v. C. & N. W. Railway Co.*, 18 Wis., 23; *Thompson v. Taylor*, 30 Wis., 68.

Applied to this case, had the plaintiffs covenanted to indemnify the defendant *Levi M.* against liability on account of his note to Nichols & Fitch, they would have been liable at once to an action by *Levi M.* for a breach of such covenant, and this as well before as after judgment was obtained against him on the note. In such case the measure of damages would be the amount of the note. Such a covenant would be the equivalent of an express undertaking by the plaintiffs to pay the amount of the note, not to the holders thereof, but to the maker, *Levi M. Griswold*. Of course the latter might maintain an action against the plaintiff for a

breach of such an undertaking and recover the amount so agreed to be paid, without showing that he had paid the note. But if the plaintiffs only undertook to indemnify *Levi M.* against loss or damage because of his liability on the note, he has no cause of action against them upon their undertaking until he pays the note or some part of it, for until he does so he has sustained no loss.

In this case there is no express contract of indemnity. If that element is in the contract, it is implied from the agreement to assume and pay the incumbrance. It would seem that such an agreement could, at most, only imply a covenant of indemnity against damage resulting to the covenantee for breach of the agreement to pay the incumbrance, and not one against the mere liability for the debt. Mr. Sedgwick says: "It appears, upon the whole, settled that if the engagement be collateral, or, more properly speaking, indirect, whether only implied in law, or whether it be an undertaking to indemnify and save harmless against the consequences of the default, then damage to be recovered must be proved." 2 Sedg. on Dam. (7th ed.), 13. See, also, cases cited in note *a*.

*Learned v. Bishop*, 42 Wis., 470, asserts the same doctrine. Bishop took a conveyance of land from Learned. The land was incumbered, and Bishop covenanted to pay the incumbrance and save Learned harmless therefrom. He also executed to Learned a mortgage on other land to secure the performance of the covenant. The covenant was not performed. Without paying the debt which was secured by the incumbrance, Learned brought an action to foreclose such mortgage. It was substantially held that Learned had no covenant against his mere liability for such debt, and his complaint was dismissed. It was left undecided whether the action might not have been maintained in equity, had the holder of the incumbrance been a party to it; but the reasoning of the opinion by the late chief justice is conclu-

sive that Learned could not have maintained an action at law for the breach of the covenant until he had paid the debt, or some part of it, which the incumbrance was given to secure.

The result of the authorities is that no convenant to indemnify against liability can be implied from a mere undertaking to pay the debt of a third person. This is fatal to the counterclaim demurred to, and leaves it unnecessary to consider whether the demand in favor of the defendant *Levi M.* can properly be pleaded as a counterclaim in this action against him and another defendant.

The learned counsel for the defendants has made a vigorous assault upon the complaint, and he maintains that the demurrer should have been sustained as a demurrer to the complaint. There having been one trial, and this complaint having passed the scrutiny of this court on the former appeal without challenge, we feel relieved from discussing the question at length. It must suffice to say that we think the complaint states a cause of action.

*By the Court.*— Order affirmed.