DUCOMMUN, Respondent, vs. INTER-STATE EXCHANGE, imp., Appellant.

*January 15—June 20, 1927.*

*Insurance: Automobile liability policies: Direct or indemnifying liability: Insurer as party to action against insured: Statutory liability of insurer: Constitutional law: Regulation of insurance business.*

1. An automobile insurance policy insuring against "liabilities" as well as "losses" authorizes a recovery without allegation or proof that the insured has been required to pay any sum, as distinguished from a policy covering "actual loss or damage," which creates no obligation until the insured has suffered loss or damage; but the policy here involved is construed to be for indemnity only, since specific provisions of riders limiting the obligations to the actual loss or damage or to the money loss prevail over the general provisions of the policy. p. 186 (opinion on rehearing).

2. Where the insurance policy reserved to the insurer full and complete control over the adjustment of all claims that might arise under it, the insurer had such an interest in an action to enforce liability as to make it a proper party to the action. p. 182.

3. The entire business of insurance being affected with a public interest, legislation in the reasonable exercise of the police power does not deprive an insurance corporation of its property without due process of law. p. 183.

4. Sec. 85.25, Stats., providing that on a policy covering liability to others by reason of the operation of a motor vehicle the insurer shall be directly liable to the persons injured for the damage sustained, imposed the same liability on the insurer as if it had incorporated the provisions of the statute into the body of the policy. p. 183.

5. One who was entitled to recover for injuries to person and damage to property because of the negligent operation of an automobile described in the policy of insurance, which came within sec. 85.25, Stats., may sue both the insurer and the operator of the automobile in a single action, or may sue the operator of the automobile alone, since the statute is not mandatory. p. 183.

6. Sec. 204.30, Stats., requiring every policy of insurance against personal injury or property damage caused by a motor vehicle to contain a provision that the insolvency or bankruptcy of

the person insured shall not release the insurer, does not conflict with, and does not work an implied repeal of, sec. 85.25, providing for direct liability of the insurer. Nor does said sec. 204.30 apply to cases where the insurer is a party to the negligence action. p. 184.

APPEAL from an order of the circuit court for Barron county: W. R. FOLEY,. Circuit Judge. *Affirmed.*

Action by *Robert Ducommun* against William Strong and the *Inter-State Exchange* to recover for injuries to person and damage to property sustained in an automobile accident. The *Inter-State Exchange* appeals from an, order overruling its demurrer to plaintiff's complaint.

For the appellant there was a brief by *Coe Brothers* of Barron, attorneys, and *Schoetz; Williams & Gandrey* of Milwaukee, of counsel, and oral argument by *Alfred R. Gandrey.*

For the respondent there was a brief by *Thomas & Hass* of Ladysmith, attorneys, and *Olin & Butler* and *Robert M. Rieser,* all of Madison, of counsel, and oral argument by *Mr. Rieser.*

Briefs were also filed by *Leon B. Lamfrom* of Milwaukee, by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and by *Quarles, Spence & Quarles* of Milwaukee, as amici curiæ.

The following opinion was filed February 8, 1927:

STEVENS, J. (1) The *Inter-State Exchange* bases its demurrer on the ground that the policy of insurance which it issued to the defendant Strong was one of indemnity only which imposed no direct liability.

The policy issued by the *Inter-State Exchange* provides that the defendant Strong, "the person shown on the face hereof, is insured for the kinds and amounts of automobile insurance indicated upon this policy, and against the losses and liabilities as shown herein which are more fully described by appropriate riders to be attached hereto." These riders

provide that "the insured is insured against actual loss or damage to the automobile or automobiles described in said policy" and that "the insured, or a member of his family, is insured against money loss by reason of his legal liability to others for bodily injuries accidentally sustained."

The policy contained the usual provisions that immediate notice of loss by the insured or of claim against insured be given to the home office of the *Exchange;* that any summons or other process served upon the insured should be immediately forwarded to the *Exchange,* which is given full control of all actions under the policy with full power to determine what claims shall be compromised and what shall be contested. "The insured reserves no right to make or negotiate for settlement—that matter being placed entirely in the hands of the *Exchange.*"

The fact that the policy contains a recital that the *Exchange* is created pursuant to sec. 1915*m* (now sec. 201.39) of the Statutes does not change the nature of the obligation assumed when the policy was issued. The complaint alleges and the demurrer admits that the *"Inter-State Exchange* was and is an insurance corporation duly organized and existing under and by virtue of the laws of Wisconsin" and that defendant Strong was insured by it. While the policy gives the appellant *Exchange* the right to act as attorney in fact for the insured under this policy, there is nothing in the complaint to suggest that any act has been performed by appellant as such attorney in fact. Even if the appellant had seen fit to exercise its right to exchange policies, the exercise of such power would not relieve appellant from the direct liability to the insured which it assumed when it issued its policy of insurance to plaintiff.

The situation is not unlike that which was considered in *Ehlers v. Automobile L. Co.* 166 Wis. 185, 164 N. W. 845, where the suit was upon an "indemnity contract," but direct liability was imposed by statute, as it is imposed by the in-

surance contract and by sec. 85.25 of the Statutes in this case. It was there held upon demurrer that the insurance company was a proper party and that a cause of action was stated against the company. The nature of the liability of the appellant *Exchange* is to be determined from the entire policy viewed in the light of the statutes, not by the consideration of a single word contained in the policy.

It is significant that the policy contains no provision limiting liability to the repayment of sums paid by the insured to satisfy a judgment after trial, as was the case in *Glatz v. General Acc., F. & L. Assur. Corp.* 175 Wis. 42, 183 N. W. 683. On the contrary, the policy contains an unqualified agreement to insure the defendant Strong "for the kinds and amounts of automobile insurance indicated upon this policy." Furthermore, the policy reserves to the appellant full and complete control over the adjustment of all claims that may arise under the policy. Irrespective of the liability imposed by the statutes enacted in 1925, hereafter considered, these provisions of the policy give the appellant *Exchange* such an interest in this action to enforce liability for injury to person and damage to property as to make the *Exchange* a proper party to the action, whose right to participate in the defense of this action is found in its interest in the controversy,—in its liability under this policy.

(2) "It is well settled that the business of insurance is of such a peculiar character, affects so many people, and is so intimately connected with the common good that the state creating insurance corporations and giving them authority to engage in that business may, without transcending the limits of legislative power, regulate their affairs so far at least as to prevent them from committing wrongs or injustice in the exercise of their corporate functions. (Citing cases.) Such regulation would seem to be peculiarly applicable to that form of insurance which has come into very wide use of late years, that of indemnifying the owners of

vehicles against losses due to the negligence of themselves or their servants in their operation and use." *Merchants Mut. A. L. Ins. Co. v. Smart,* 267 U. S. 126, 129, 45 Sup. Ct. 320, 69 Lawy. Ed. 538, 541, 542.

It has long been recognized that the entire business of insurance is affected with a public interest and that as a consequence legislation in the reasonable exercise of the police power does not deprive an insurance corporation of its property without due process of law. It is to be remembered that the assumption of liability by the defendant company under these statutes was entirely voluntary. The *Exchange* need not engage in such insurance if it does not choose to do so.

Pursuant to this well recognized power the legislature enacted sec. 85.25 of the Statutes, which provides:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the' following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

This section imposed the same liability on the appellant *Exchange* as if the *Exchange* had incorporated the provisions of sec. 85.25 into the body of its policy. This section clearly gives the plaintiff a right of action against the appellant *Exchange* because plaintiff is alleged to be a person entitled to recover for injuries to person and damage to property because of the negligent operation of the automobile described in the policy of insurance here in question. Sec. 85.25 applies to any—that is to all—policies of insurance covering liability to others by reason of the operation of a motor vehicle. This statute gave plaintiff the right to maintain a single action against both the appellant and the

operator of the automobile. But the statute is not mandatory. After the passage of this act the person injured still has the option to sue the operator of the automobile alone.

The first subdivision of sec. 204.30 of the Statutes requires every policy of insurance against personal injury or property damage caused by any motor-driven vehicle to contain a provision that the insolvency or bankruptcy of the person insured who is liable for the loss or damage sustained shall not release the insurance carrier, and that in all cases where execution on the judgment has been returned unsatisfied, the insured shall have a right to recover of the insurance company the amount of the judgment secured in the action against the negligent driver of the automobile.

This section is not in conflict with sec. 85.25 and does not work an implied repeal of that section. Sec. 204.30 was passed to meet a special and somewhat unusual situation, such as was presented in *Glatz v. General Acc., F. & L. Assur. Corp.* 175 Wis. 42, 183 N. W. 683, where the one whose negligence caused the injury had become bankrupt after the injury and before the collection of the judgment. This section is limited in its application to a single class of cases. It does not apply to cases in which the insurance carrier is a party to the negligence action. It was passed to supplement sec. 85.25 and to assure recovery in those cases where the bankruptcy of the person guilty of negligence might otherwise bar recovery.

These two statutes are part of a consistent legislative plan to assure the recovery of damages by those injured by the negligent use of motor vehicles,—a plan which found expression in such legislation as sub. (3), sec. 85.15, relating to service of process on the nonresident owners of automobiles. Automobiles are agencies for the promotion of comfort and speed which "present such possibility of accident and injury to members of the public that the owners have recourse to insurance to relieve them from the risk of heavy

recoveries they run in intrusting these more or less danger-
ous instruments to the care of their agents.   Having in mind
the sense of immunity of the owner protected by the insur-
ance and the possible danger of a less degree of care due to
that immunity, it would seem to be a reasonable provision
by the state, in the interest of the public, whose lives and
limbs are·exposed, to require that the owner in the contract
indemnifying him against any recovery from him should
stipulate with the insurance company that the indemnity by
which he saves himself should certainly inure to the benefit
of the person who thereafter is injured." *Merchants Mut.
A. L. Ins. Co. v. Smart,* 267 U. S. 126, 129, 45 Sup. Ct.
320, 69 Lawy. Ed. 538, 542.

Secs. 85.25 and 204.30 of the Statutes promote the inter-
ests of the insured and of the insurance carrier as well as of
the persons injured in automobile accidents.   These statutes
save litigation and reduce the expense by determining the
rights of all parties in a single .action which is usually de-
fended by the insurance carrier.   They expedite the final
settlement of litigation and the final payment to the injured
person, if he be entitled to recovery.   They place the burden
upon the insurance carrier who has been compensated in ad-
vance for its liability to pay the damage assessed for such
injuries to person and damage to property as have been
caused by actionable negligence on the part of the person
insured.   The trial ·judge was clearly right in holding that
the complaint stated facts sufficient to constitute a cause of
action against the appellant *Exchange.*

. *By the Court.*—Order affirmed.

The following opinion was filed June 28, 1927:

Per Curiam.   (*On motion for rehearing.*)   The policy
in suit is equivocal in its terms.   The policy proper provides
that defendant Strong is insured against "liabilities" as well

as "losses." An agreement to insure against "liabilities" creates an obligation for which recovery can be had without alleging or proving that the insured has been called upon to pay or has paid any sum on account of the liabilities covered by the policy. *Selleck v. Griswold*, 57 Wis. 291, 295, 15 N. W. 151; *Taylor v. Coon*, 79 Wis. 76, 84, 48 N. W. 123.

But the obligation of the appellant *Exchange* under the policy is defined by riders attached to the policy which limit the liability to the "actual loss or damage" or the "money loss" sustained. An agreement to pay the "actual loss or damage" or the "money loss" sustained by the insured creates no obligation until such time as the insured pays or otherwise suffers such loss or damage.

In its former decision the court was led to hold that the policy was not limited to mere indemnity because of the fact that it insured against "liabilities" as well as "losses." But further study of the policy has satisfied the court that the specific provisions of the riders limiting the obligations of the *Exchange* to the "actual loss or damage" or to the "money loss" must be held to prevail over the general provisions of the policy. It follows, therefore, that the policy must be held to be one for indemnity only.

But it does not follow that the mandate should be changed or that the order of the trial court should be reversed. The personal injury and property damage rider attached to the policy, which is the only provision involved in this suit, insures the defendant Strong "against money loss by reason of his legal liability to others."

The contract here in question is on its face expressly denominated a "policy." It is in fact a "policy of insurance" within the meaning of that term as used in sec. 85.25 of the Statutes. The fact that the policy is limited to indemnity only does not take it out of the provisions of sec. 85.25. All policies or contracts of insurance are contracts of indemnity,—contracts "whereby one party agrees to wholly or

partially indemnify another for loss or damage which he may suffer from a specified peril." *Shakman v. United States Credit System Co.* 92 Wis. 366, 374, 66 N. W. 528.

As stated in the original opinion, sec. 85.25 of the Statutes imposed the same liability upon the appellant *Exchange* as if the *Exchange* had incorporated the provisions of this section into the body of its policy; thereby clearly giving to the plaintiff a right of action against the *Exchange*.

No purpose will be served by a reargument of the case. The motion for rehearing is therefore denied, without costs.

So ordered.