## BILLER et al. v. MEYER.

Circuit Court of Appeals, Seventh Circuit. May 20, 1929.

No. 4138.

Eugene L. McIntyre, of Milwaukee, Wis., for appellant.

William J. Morgan, of Milwaukee, Wis., and Paul MacGuffin, of Waukegan, Ill., for appellee.

Before EVANS and PAGE, Circuit Judges, and WHAM, District Judge.

EVAN A. EVANS, Circuit Judge. Appellee brought this action to recover damages for injuries by him received through the alleged negligence of the defendant Biller. The verdict and judgment went to appellee, and this appeal followed.

The errors assigned relate to rulings on

evidence and instructions to the jury. It is also argued that appellant, Inter-State Exchange, was not a proper party defendant, nor should judgment have been rendered against it.

█ *Motion to Direct a Verdict.* An examination of the evidence convinces us that the motion to direct a verdict was properly denied. Only a brief statement of the facts will be attempted. Defendant Biller parked his car one morning in front of a restaurant on the south side of Wisconsin avenue, Milwaukee, Wis., a short distance from Seventh street. Between Seventh and Eighth streets there was a considerable grade. Shortly after Biller entered the restaurant the car started down the street and struck and injured the plaintiff. Biller testified to precautions by him taken when he left the car which, if true, would have absolved him from all charge of negligence. On the other hand, it appears that very shortly after he left the car it started down the street, gaining momentum as it traveled, which fact contradicted Biller's testimony respecting the setting of brakes and "putting the gear in reverse." Had the brakes been set the car would have remained where it was stopped. The action of the car leaves little room for doubt as to the facts. The case called for the application of the doctrine of res ipsa loquitur. Hughes v. Rentschler Floral Co., 193 Wis. 49, 213 N. W. 625.

*Damages.* The court charged the jury:

"I will leave it to the jury to determine * * * whether you will find that there was a permanent injury of the plaintiff * * * You should not conjecture merely that anybody undergoing the experience which plaintiff here undoubtedly did, might suffer indefinitely. It is a question of reasonable certainty and you should not award anything for permanent injury unless you are satisfied that it is certain."

Appellants could not, and do not, complain of this charge as such. Their criticism is directed to the lack of evidence to support any allowance for permanent injury. Our study of the evidence bearing on this issue leads us to a contrary view. We therefore reject this assignment of error.

*Joinder of Insurance Company as Party.* Section 85.25, Wisconsin Statutes, reads:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property,

caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

This statute has been before the Wisconsin Supreme Court for construction on several occasions. Morgan v. Hunt, 196 Wis. 298, 220 N. W. 224; Ducommun v. Inter-State Exchange, 193 Wis. 179, 212 N. W. 289, 214 N. W. 616; Barteck v. Rotter (Wis.) 222 N. W. 221; Bro. v. Standard Accident Insurance Co., 194 Wis. 293, 215 N. W. 431; Fanslau v. Federal Mut. Auto. Ins. Co., 194 Wis. 8, 215 N. W. 589.

█ These decisions, though not conclusive on all questions presented, are entitled to much weight. From our study of them and the statute itself we conclude that the Wisconsin Legislature was well within its powers when it legislated upon this field of insurance activity; that section 85.25 is a standard policy provision applicable to automobile liability insurance contracts; that the construction of the words "liability" and "insurer" as given by the Supreme Court of Wisconsin is binding upon us; that appellant, Inter-State Exchange, was an insurer within the meaning of this statute; that it was a proper party defendant in this suit; that it could be sued directly for a liability created by the operator of the automobile; that it was liable in such direct action whether its insurance was evidenced by an indemnity policy or by a so-called straight liability policy.

The judgment is affirmed.