BURKHART, Respondent, vs. BURKHART and another, Appellants.

*January 9—February 4, 1930.*

For the appellant London Guarantee and Accident Company there was a brief by *Hoyt, Bender, Trump, McIntyre & Hoyt* of Milwaukee and *Buchen & Schlichting* of Sheboygan, and oral argument by *Rodger M. Trump.*

For the respondent there was a brief by *Bassuener & Humke* of Sheboygan, attorneys, and *Eberlein & Larson* of Shawano, of counsel, and oral argument by *M. G. Eberlein.*

STEVENS, J. The policy must be considered as if it contained the provision "that the insurer shall be liable to the persons entitled to recover for the death of any person . . . caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said . . . policy." Sec. 85.25, Stats.

The policy contained no provision that injured persons, who were given a right of action against the insurance carrier by sec. 85.25 of the Statutes, should not maintain such action until liability was determined by final judgment or agreement of the parties, as in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224. In the absence of such a provision in the contract of insurance, sec. 85.25 gives the injured person the right to join the insurance carrier with the assured as a defendant in the same action. *Morgan v. Hunt,* 196 Wis. 298, 301, 220 N. W. 224.

In every case in which this court has construed sec. 85.25 it has been held that such a provision as that contained

in this policy does not deprive the plaintiff of the right to join the insurance carrier as a defendant in an action against the one whose negligence caused the injury. In *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 186, 212 N. W. 289, 214 N. W. 616, the policy insured the defendant Strong "against money loss by reason of his legal liability to others," which is in substance the same as the provision contained in this policy. In *Fanslau v. Federal Mut. A. Ins. Co.* 194 Wis. 8, 11, 215 N. W. 589, it was held that the purpose of sec. 85.25 was "to permit persons who sustain injuries as the result of automobile accidents to join as a defendant the insurance company which has issued a policy of insurance to the owner . . . insuring or indemnifying the owner· from loss as a result of the particular accident." In *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 215 N. W. 431, the defendant company by its policy agreed "to indemnify" those protected by the policy.

The rule to be gathered from all these decisions is that "in all cases where the parties do not see fit to make an agreement to the contrary in the contract, the insured and the carrier may be joined as defendants in the same action." *Morgan v. Hunt,* 196 Wis. 298, 301, 220 N. W. 224. The parties not having made such an agreement in the contract here under consideration, the plaintiff had the right to join the insurance company as a defendant.

*By the Court.*—Order affirmed.