**CHRISTENSEN v. TROTTER et al.**

No. 11964.

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1948.

Fred C. Struckmeyer, of Phoenix, Ariz., for appellant.

Hildebrand, Bills & McLeod and D. W. Brobst, all of Oakland, Cal., for appellees.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

Appellees Trotter and Rayburn, respectively the fireman and engineer on the second engine of a Santa Fe train, were injured when the train collided with a truck standing unattended on the railroad track. They sued appellant, the owner of the truck, and were awarded damages. The appeal challenges certain of the instructions and the propriety of a ruling on evidence offered by way of impeachment.

The incident occurred near Kingman, Arizona, at a place where the highway parallels the railroad track immediately on the north at an elevation some thirteen feet higher than the track. Appellant's driver had paused to get a cup of coffee at a small restaurant located on the north side of the highway. There was evidence that the truck and its attached trailer were parked in a jackknife position in front of the restaurant, so headed that if the vehicle started from any cause to roll it would move across the highway in a southwesterly direction and down the sloping ground to the point where it came to rest upon the track. Tire marks were found tending to substantiate the belief that such was in fact the course the vehicle took. No witness saw the truck in motion, however; and the driver testified that he had parked it at an oil station some hundred feet or more west of the restaurant where he went to get his coffee. He further testified that at the time of parking he had turned the key in the lock, set the brakes, and put the car in gear. He was in the restaurant, he said, about ten minutes, not more than fifteen, and when he came out the truck was gone. The accident on the track was already a thing of the past.

■ 1. The following instruction was given over objection:

"From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiffs. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that he did, in fact exercise ordinary care and diligence, or that the accident occurred without being proximately caused by any failure of duty on his part.

"The instruction just given may appear to constitute an exception to the general rule, that the mere happening of an ac-

cident does not support an inference of negligence. The instruction, however, is based on a special doctrine of the law which may be applied only under special circumstances, they being as follows:

"First: The fact that some certain instrumentality, by which injury to the plaintiffs was proximately caused, was in the possession and under the exclusive control of the defendant at the time the cause of injury was set in motion, it appearing on the face of the event that the injury was caused by some act or omission incident to defendant's management.

"Second: The fact that the accident was one of such nature as does not happen in the ordinary course of things, if those who have control of the instrumentality use ordinary care.

"Third: The fact that the circumstances surrounding the causing of the accident were such that the plaintiffs were not in a position to know what specific conduct was the cause, whereas, the one in charge of the instrumentality may reasonably be expected to know and be able to explain the precise cause of the accident.

"When all these conditions are found to have existed, the inference of negligence to which they give birth will support a verdict for the plaintiffs in the absence of a showing by the defendant that offsets the inference."

Appellant argues that the case is not one in which the doctrine outlined by this instruction may properly be applied; also, that the instruction disregards his theory that some intervening agency put the truck in motion without negligence attributable to him. Neither objection appears well grounded. A reading of the instruction in its entirety shows that appellant's theory of the case was in no manner excluded. The brief time elapsing and the situation as developed by the proof on appellees' behalf brought the res ipsa loquitur doctrine into play, Biller v. Meyer, 7 Cir., 33 F.2d 440, 66 A.L.R. 436, and note pages 440–443; Price v. McDonald, 7 Cal.App.2d 77, 45 P.2d 425. No Arizona authorities in disagreement with the general rule are cited.

2. The court quoted to the jury a statute of Arizona [1] providing that "No person having control or charge of a motor vehicle shall allow it to stand on any highway unattended without first effectively setting the brakes thereon and stopping the motor, and when standing upon any grade without turning the front wheels to the curb or side of the driveway", and instructed them that if they should find from the evidence that appellant's driver failed to comply with the provisions of this statute such failure constituted negligence as a matter of law. The court added, however, that the violation would be immaterial unless it proximately contributed to the injuries suffered by the plaintiffs.

Appellant's argument is that the instruction assumes as a fact that the truck was parked in front of the restaurant, rather than at the oil station where the driver said he left it. We are unable to find that any objection was interposed to the charge on this ground. The objection was "that the evidence shows that the truck in question was not parked upon a public highway." The objection now urged comes too late. Rule 51, Federal Rules Civil Procedure, 28 U.S.C.A. The record clearly indicates that if the vehicle were parked at the restaurant it was in fact on the public highway though not on the paved portion of it. In any event the instruction did not advise the jury as a matter of law that the truck was parked on the highway.

3. The final claim of error rests upon the exclusion of two exhibits offered by appellant. These were identified as copies of complaints severally filed by appellees against the Santa Fe Railroad Company for the injuries suffered in the accident. The complaints were not signed or verified by either appellee and there was no showing that either had read these pleadings. Aside from that there was nothing in them tending in any way to exculpate appellant or to impeach the opposing parties.

Affirmed.

---

[1] Sec. 66-118, A.C.A. 1939.