PUERTO RICO WATER RESOURCES AUTHORITY, Plaintiff and Appellant, *v.* OSCAR B. IRIZARRY CARDELL ET AL., Defendants and Appellees.

No. 10467. Argued June 1, 1951.—Decided June 8, 1951.

---

*Gabriel Guerra Mondragón, José A. Vila Ruiz, Antonio M. Bird,*
and *C. Domínguez Rubio,* for appellant. *F. Prieto Azúar*
for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This case is an aftermath of *Water Resources Auhority*
v. *District Court,* 65 P.R.R. 451. It requires us to decide the
question we expressly left open in that case; i.e., whether
in a suit for damages arising out of an automobile accident
the district court could obtain jurisdiction over the owner
of the car as a defendant, without personal service on the
latter, (1) by attachment of his interest in an insurance
policy covering such accidents and (2) by subsequent service
of the defendant by publication based on the said attachment.

This is a suit by the Water Resources Authority against
Oscar B. Irizarry for damages arising out of a collision be-
tween an automobile driven by Irizarry and another car
owned by the Authority. The Authority joined the Maryland

Casualty Company as a defendant, alleging that the accident was covered by an insurance policy issued by the company to Irizarry. The latter was served by publication, but no property in Puerto Rico belonging to him was attached prior to the service by publication. On motion of Irizarry, who appeared specially for that purpose, the district court vacated its order for service by publication and held that it had not acquired jurisdiction over the person of Irizarry. In our opinion in 65 P.R.R. 451 we sustained this action of the lower court. We held that under Rule 4(e) of the Rules of Civil Procedure, Irizarry could not be served by publication unless an attachment was first made of property belonging to him located in Puerto Rico.

The final paragraph of our opinion in 65. P.R.R. 451, 457–8, reads as follows: "There is also a motion in the record by the Authority to bring Irizarry into the case by formal attachment of his interest in the insurance policy in the hands of the Maryland Casualty Company. The parties have argued at considerable length (1) whether the interest of Irizarry in the policy is attachable under our law; and (2) whether a subsequent order of service by publication to bring Irizarry into the case could be validly based on such an attachment. The district court never passed on the said motion; consequently, no such subsequent order of publication has been entered. The matter is therefore not yet before us. When we remand the case, the lower court will be required to examine and decide that question."

Pursuant to the foregoing, the district court thereafter passed on the motion to obtain jurisdiction over Irizarry by attachment of his interest in the policy. It held that the interest of Irizarry therein was not attachable property within the meaning of our statutes, and therefore no order of attachment could be issued on which an order of service by publication of Irizarry could be based. As a consequence, it held that it had no jurisdiction over Irizarry. The case is here on appeal from that order of the district court.

■ There is considerable discussion in the opinion of the lower court and the briefs of the parties as to the difference between a policy to indemnify against liability as compared with a policy to indemnify only against loss. In the latter, the company is liable only if the insured has actually suffered a loss by payment of a judgment against him. In the former, liability of the company accrues as soon as a final judgment is rendered against the insured. Annotations, 41 A.L.R. 507, 117 A.L.R. 239, 48 L.R.A. (N. S.) 184, 159 A.L.R. 762; 6 Blashfield, Cyclopedia of Automobile Law and Practice, Part 2, Perm. ed., p. 6, and cases cited; *Fehr* v. *General Accident Fire & Assur. Corp.*, 16 N.W. 2d 787 (Wis., 1944); *Luger* v. *Windell*, 199 P. 760 (Wash., 1921).

■ In policies indemnifying the insured against liability (and not merely against loss) a "no action" clause is frequently included which prohibits the filing of a suit against the insurer by the injured person before rendition of a final judgment in favor of the injured person in a suit by the latter against the insured.[1] The effect of such a clause is to prevent the plaintiff from suing the insured and the company in one suit. But this does not convert the policy from a policy indemnifying against liability to one indemnifying only against loss. It remains the former. It would become the latter only if the clause provided, as the "no action" clause does in a true policy of that nature, that no action shall be brought against the insurer until the insured has actually paid a judgment recovered against him. Annotations, 83 A.L.R. 677, 688, 117 A.L.R. 239, 245, 159 A.L.R. 762; 6 Blashfield, *supra*, p. 11 *et seq.*

When we turn to the policy in the instant case, we find, in addition to other clauses showing that it was a policy

---

[1] One of the principal purposes of such a clause in Stateside contracts is to conceal the fact that the accident was covered by insurance from the juries which, unlike the situation here, usually hear such cases in continental United States.

indemnifying against liability, that it contained a "no action" clause consistent with that type of policy; namely, a provision that no suit may be filed against the insurer by the injured person before rendition of judgment in favor of the injured person in a suit by the latter against the insured.[2]

We have examined the foregoing principles because the lower court and the parties put so much emphasis on them. But, as the Authority points out, for present purposes discussion of the differences between these two types of policies is beside the mark. In Puerto Rico neither of the two "no action" clauses can be made effective because they are in conflict with § 175 of the Insurance Law.[3] The latter overrides such clauses and permits a single suit against both the insured and the company, irrespective of whether the policy is couched in terms of indemnity against loss or indemnity against liability. Annotation, 117 A.L.R. 239, 248; *Biller et al.* v. *Meyer*, 33 F. 2d 440 (C. A. 7, 1929); *Lorando* v. *Gethro*, 117 N. E. 185 (Mass., 1917).

We are aware of the reason why the lower court and the parties discuss the difference between loss and liability coverage, despite the fact that § 175 obliterates the distinction between them by permitting a single suit against both

---

[2] The clause in question reads as follows: "No action shall lie against the Company to recover upon any claim or for any loss unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years after such final judgment or agreement."

[3] Section 175 (Act No. 66, Laws of Puerto Rico, 1921, as amended by Act No. 19, Laws of Puerto Rico, 1929) reads as follows: "Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance shall be illegal. When the person causing the damage is insured against the accident which caused the loss or damage, and in the case where the insurance policy was issued in favor of a third person, the action to claim such indemnity as may be proper may be presented jointly against the insured person and the insuring company. The court shall determine not only the liability of the company, but also the amount of the loss."

insurer and assured. They engage in this discussion because the cases in the States hold that in the case of liability coverage the interest of the insured may be garnisheed *after* judgment is obtained by the injured person against the assured, whereas if the policy is one of indemnity against loss only, no such garnishment may be had. Annotations, 41 A.L.R. 507, 516, 7 L.R.A. (N. S.) 958, 159 A.L.R. 762, 773 *et seq;* 6 Blashfield, *supra*, p. 15; *Macey* v. *Crum*, 30 S. 2d 666 (Ala., 1947); *Hodges* v. *Ocean Accident & Guarantee Corporation*, 18 S. E. 2d 28 (Ga., 1941); *United States Fidelity & Guaranty Co.* v. *Williams*, 129 A. 660 (Md., 1925); *Employers' Liability Assur. Corporation* v. *Bodron*, 65 F. 2d 539 (C. A. 5, 1933); *Luger* v. *Windell, supra; Allen* v. *Aetna Life Ins. Co.*, 145 F. 881 (C. A. 3, 1906); *Combs* v. *Hunt*, 125 S. E. 661 (Va., 1924). But here again these cases are not decisive for us. Rather our problem is to determine whether the interest of the insured may be attached in the hands of the company *prior* to judgment. (Indeed, the attachment as we have seen is a prerequisite to the jurisdiction of the lower court.) To answer that question we must determine the nature of the liability of an assured and his insurer, respectively, under local law.

In *United States Casualty Co.* v. *District Court*, 66 P.R.R. 884, we held that a similar suit could not be brought against the insurance company alone because "the liability of the insurance company is dependant upon the liability of the assured." (p. 885) We said in that case at p. 886: "In order that plaintiff may obtain a judgment against the insurance company it is necessary that the assured be liable for the damages caused, otherwise the company is not liable. For this reason in order that the complaint in this case should set up a cause of action against the insurance company, the plaintiff must have obtained a definitive judgment against the assured, or the assured should have been joined as defendant with the insurance company, pursuant to the

provisions of § 175 of the Insurance Act of Puerto Rico, as amended by Act No. 19 of 1929 (Laws of 1929, p. 160). By providing that the assured and the insurer should be joined as defendants, this Section did not create any right of action against the insurer which did not previously exist. Its purpose was to avoid two suits: one against the assured and, after a successful termination thereof, another one against the insurance company." To the same effect, *Bithorn* v. *Santana*, 68 P.R.R. 281; *Guerra* v. *Ortiz*, 71 P.R.R. 574, 575.

We have thus made clear that § 175 of the Insurance Law is a purely procedural device to avoid two suits; that it does not create any new substantive rights; that a suit against the insurance company alone will not lie; and that a condition precedent to liability of the company is a finding of liability of the assured. Indeed, the Authority apparently does not dispute these propositions. It has not attempted to sue the company alone. Both in the earlier and in the present proceeding all its efforts have been directed toward bringing Irizarry into the case as a defendant. It therefore implicitly recognizes that the liability of the company is contingent and subject to a previous finding of liability of the defendant with the latter as a party to the suit.

The short of it is that the liability of the company does not come into play until the liability of the assured is first established. Consequently, until the plaintiff has proved the liability of the insured, without reference to the company, the latter owes nothing either to the assured or to the plaintiff. But here the liability of the insured cannot be determined precisely because the court has no jurisdiction over him due to lack of personal service. To say that jurisdiction over the assured may be obtained by attaching his interest in the policy (with service by publication based on the attachment), when that interest does not exist unless he has already been held liable, is to indulge in circular reasoning which we can-

not accept. We are constrained to agree with the lower court that at this stage of the proceeding the interest of Irizarry in the insurance policy was only contingent and therefore was not attachable property belonging to him. Accordingly, the attachment was void and service by publication on Irizarry could not be based thereon. See Annotation, 134 A.L.R. 853, 869; *Gray* v. *Houck*, 68 S.W. 2d 117 (Tenn., 1934); *Palmer* v. *Duplex Truck Co.*, 103 A. 943 (N. H., 1918); *Travelers' Ins. Co.* v. *Inman*, 126 S. 399 (Miss., 1930); *Employers' Liability Assur. Corporation* v. *Taylor*, 178 S. E. 772 (Va., 1935); *Cruz* v. *District Court*, 70 P.R.R. 303. *Cf.* Annotation, 12 A.L.R. 2d 787. The cases decided by this court on which the Authority relies are not in point. They are concerned with situations where property of the person involved therein obviously existed and was clearly subject to attachment.[4]

Perhaps the Rules should be changed to permit personal service on an appropriate official in Puerto Rico plus publication where as here the owner of an automobile involved in an automobile accident thereafter leaves the jurisdiction. See *Milliken* v. *Meyer*, 311 U. S. 457; *Hess* v. *Pawloski*, 274 U. S. 352; Scott, *Hess and Pawloski Carry On*, 64 Harv. L.Rev. 98. And perhaps the Legislature should amend § 175 to permit suit against insurance companies alone under these circumstances; obviously, the failure to serve the defendant personally is a windfall for the company. But under the present Rules and statutes we are compelled to hold that the lower court did not err in finding that there was no valid attachment justifiying service on Irizarry by publication.

The order of the district court will be affirmed.

---

[4] *Sierra* v. *Vieta*, 56 P.R.R. 214; *Martinó* v. *Santisteban Chavarri & Co.*, S. en C., 53 P.R.R. 283; *Bustelo* v. *Lugo*, 42 P.R.R. 102; *Amieiro* v. *Charrón*, 42 P.R.R. 642.