FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

**MGIC INDEMNITY CORPORATION, a subsidiary of MGIC Investment Corp., a foreign corporation, Goldie Derenne, Earl B. Krueger, Jr., J. F. March, M.D., S. Dean Pies, George D. Schmitz, and Louis Toebe, Defendants.**

No. 78-C-421.

United States District Court, E. D. Wisconsin.

Dec. 13, 1978.

James R. Cole, Ross & Stevens, Madison, Wis., for plaintiff.

Marvin E. Klitsner, Foley & Lardner, Milwaukee, Wis., for MGIC Indemnity.

Robert E. Cook, Cook & Franke, Milwaukee, Wis., for all other defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Defendant, MGIC Indemnity Corporation (MGIC), has filed a motion to dismiss the complaint pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. As grounds for this motion, this defendant alleges that MGIC is not a proper party to this action and cannot be sued directly until the liability, if any, of MGIC's co-defendants has been determined.

The individual defendants, Goldie Derenne, Earl B. Krueger, Jr., J. F. March, M.D., S. Dean Pies, George D. Schmitz and Louis Toebe, have moved to strike all allegations in the complaint which make reference to MGIC or its parent company or to the "D & O Insurance." The basis for such motion is that the applicable statutes do not permit MGIC to be joined as a defendant. Such motion to strike is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

These defendants have also moved for an order extending the time for these defendants to respond to the complaint to ten days after the Court's action on this motion. After due consideration, this Court hereby grants the motion to extend time. The Court orders these defendants to respond to the complaint within ten days of the date of this order.

The Court will now address the pending motion to dismiss and the motion to strike.

A brief review of the facts indicates that the Federal Deposit Insurance Corporation (FDIC) commenced this action against the former directors of the Algoma State Bank and against MGIC, which provides directors' and officers' liability insurance to the bank and its directors.

The complaint basically alleges that the directors of the bank breached their fiduciary duties by permitting the bank president to make numerous improvident loans. The Algoma Bank became insolvent and was closed by order of the Commissioner of Banking for the State of Wisconsin on about May 30, 1975. Subsequently, the FDIC was appointed receiver of the bank and as receiver, it sold certain assets of the Algoma Bank to the FDIC in its corporate capacity pursuant to 12 U.S.C. § 1823(e). Among the assets sold to the FDIC in its corporate capacity were all claims and causes of action which the bank itself might have, including claims against the bank's directors and officers and their insurer. (Complaint, ¶ 2). Plaintiff commenced this action on July 10, 1978.

Defendant argues that, based upon the underlying insurance contract, the MGIC may not be sued until the liability of the directors has first been established. MGIC's liability, if any, is predicated on the liability of the directors. (Insurance Contract, ¶ 7(e), Exhibit A attached to Plaintiff's Complaint).

Wisconsin's direct action and direct liability statutes provide for the direct liability of an insurer in certain actions and permit joinder of an insurer in negligence actions. These statutes provide:

632.24 Direct action against insurer

Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

803.04(2) Negligence actions: insurers. (a) In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by plaintiff or any of the parties to such action, or agree to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state.

The purpose of these statutes was explained by the Wisconsin Supreme Court in *Ducommun v. Inter-State Exchange*, 193 Wis. 179, 185, 212 N.W. 289, 291–292 (1927).

Secs. 85.25 and 204.30 [now 803.04(2) and 632.24] of the Statutes promote the interests of the insured and of the insurance carrier as well as of the persons injured in automobile accidents. These statutes save litigation and reduce the expense by determining the rights of all parties in a single action, which is usually defended by the insurance carrier. They expedite the final settlement of litigation and the final payment to the injured person, if he be entitled to recovery. They place the burden upon the insurance carrier, who has been compensated in advance for its liability, to pay the damage assessed for such injuries to person and damage to property as have been caused by actionable negligence on the part of the person insured.

An examination of the history of these statutes reveals that, prior to 1969, both statutes applied only to automobile related actions. In 1969, the Wisconsin legislature amended the direct action statute to apply to actions for "negligence." Subsequently, the direct liability statute was amended to make it applicable to "negligence" actions for "death of any person or for injury to persons or property."

Both changes were effective before the commitment date of the insurance policy in issue, June 26, 1972.

Both plaintiff and defendants agree that the circumstances of an action must satisfy both of the above statutes before a direct action can be brought against an insurer in contravention of a "no action" clause in the policy. At this point, for purposes of the motion, the allegations of the complaint set forth the circumstances of this action.

The basic issues for this Court to decide is whether this action is a "negligence" action within the terms of these statutes and whether an insurer providing liability insurance to officers and directors can be sued directly under Wisconsin's direct action statutes. To the Court's knowledge, these specific issues have not been decided by any Wisconsin court to date.

Defendant's position is that neither the wording of the statute nor the legislative history shows any intent to extend these statutes to cover suits involving alleged breaches of fiduciary duties by corporate directors and officers. Defendant argues that a breach of fiduciary duty is not a "negligence" action within the meaning of

the statute. Defendant further contends that, in any event, the section providing for a direct liability is limited to suits for personal injury or property damage and does not contemplate suits for a corporation's financial loss.

The complaint alleges various actions and omissions on the part of the directors and officers of the Algoma Bank, including negligent acquiescence in misconduct of the bank's former president, negligent supervision of bank officers and personal and negligent management. (*See*, Complaint, ¶¶ 21–28).

The term "negligence" has been defined and developed by Wisconsin case law. In *Coffey v. Milwaukee*, 74 Wis.2d 526, 531, 247 N.W.2d 132, 135, the Wisconsin Supreme Court stated:

> In order to constitute a cause of action for negligence there must exist: (1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury.

*See, also, Osborne v. Montgomery*, 203 Wis. 223, 242–43, 234 N.W. 372 (1931).

An examination of the complaint in this action clearly shows that all the necessary elements for negligence are alleged.

Furthermore, the insurance policy in issue covers negligence. The policy covers "all loss which the said Directors and Officers or any of them shall become legally obligated to pay" because of a wrongful act. (Insurance Policy, ¶ (a), Exhibit A, Attached to Complaint). Wrongful act is defined as "any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty by the Directors and Officers in the discharge of their duties . . ." (Insurance Policy, ¶ 1(e), Exhibit A, Attached to Complaint).

Therefore, this Court finds that the complaint, which alleges a breach of fiduciary duty, states a cause of action grounded in negligence.

Defendants argue that the Wisconsin legislature never intended to broaden the application of the direct action and direct liability statutes to apply to suits involving breach of fiduciary duty by corporate officers and directors. Neither the legislative history nor Wisconsin case law address this issue.

This Court must, therefore, rely on the express wording of the statutes themselves. Both statutes apply to actions for "negligence." This Court has determined that this action asserts claims based upon alleged negligence of the bank's officers and directors.

Based upon the express statutory language, this Court holds that this action is a "negligence" action within the terms of Wisconsin's direct action and direct liability statutes.

Plaintiff also alleges that the Algoma Bank was damaged and suffered financial losses due to the wrongful acts of directors. Although the defendants contend that the term "injury to persons or property" means physical injury, the Court is not persuaded by this view. There is no indication of any intent by the legislature to limit coverage to physical damage to property. The statute merely requires "injury" to property. This Court, therefore, finds that this action involves a claim for injury to property.

In light of the foregoing analysis, this Court concludes that defendant MGIC is a proper party defendant to this action because Wisconsin's direct liability and direct action statutes apply to suits against an insurer who provides coverage for corporate officers' and directors' breaches of their fiduciary duties. Accordingly, defendant MGIC's motion to dismiss must be and is hereby denied. Defendant directors' motion to strike likewise must be and is hereby denied. As previously stated, defendant directors' motion to extend time for answering is granted. Defendants are to respond to the complaint within ten days of the date of this order.

SO ORDERED this 13th day of December, 1978, at Milwaukee, Wisconsin.