CHERNIN, Respondent, vs. INTERNATIONAL OIL COMPANY and another, Appellants.

*April 10—May 6, 1952.*

For the appellants there were briefs by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* and *John G. Vergeront* of counsel, all of Milwaukee, and oral argument by *Mr. Vergeront.*

For the respondent there was a brief by *Charles C. Hiken* and *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

GEHL, J. This court has long recognized the distinction between an indemnity against damage on a liability and one against the liability itself. *Smith v. Chicago & N. W. R. Co.* 18 Wis. *17.

"If it [the paper] contains an indemnity against liability to pay . . . there is a breach of the covenant of indemnity as soon as the liability of the [indemnitee] to pay the same is fixed, and an averment that he has paid it is not essential to the cause of action. But if it is only an indemnity against loss or damage by reason of such liability there is no breach until payment, or until the plaintiff has suffered some loss or damage. . . ." *Taylor v. Coon,* 79 Wis. 76, 84, 48 N. W. 123.

The obligation of the defendants is to indemnify against liability. That appears clearly from the language of the contract by which defendants agreed to indemnify and save harmless the plaintiff against actions, *claims,* or *demands* whatsoever, by reason of any act or omission, including any

and all *liability* for taxes, state and federal, and by reason of any *liability* for any tax deficiency. If there were any doubt about the nature of the obligation with respect to taxes such doubt is removed by the specific provision for indemnity arising by reason of any and all *liability for any* state or federal *assessments*. A "federal assessment" is alleged.

Defendants contend that the complaint is defective in that it fails to allege that plaintiff has sustained a loss. To establish liability under this agreement it is not necessary to allege or prove a loss. *Lyle v. McCormick Harvesting Machine Co.* 108 Wis. 81, 84 N. W. 18, nor is it required to establish that plaintiff has been called upon to pay. *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 212 N. W. 289, 214 N. W. 616; *Taylor v. Coon, supra.*

They urge also that the assessment of the tax does not establish a legal liability; that the provisions of the Internal Revenue Code provide plaintiff with a remedy for review. That contention is answered by the fact that the contract in express terms calls for indemnity in the case of liability for "any state or federal assessments." The defendants agreed to protect the plaintiff against an assessment and is entitled to this action, 27 Am. Jur., Indemnity, p. 471, sec. 23; *Stout v. Folger,* 34 Iowa, 71.

The fact that it is not alleged in the complaint that plaintiff has tendered his defense against the assessment is immaterial. The determination of defendants' liability depends upon the terms of the contract and may not be limited or extended by construction or implication. It contains no provision requiring the tender of any defense which plaintiff might have against a claim, demand, or assessment made against him.

*By the Court.*—Order affirmed.