WISCONSIN NATURAL GAS COMPANY, Plaintiff-
Respondent,†

v.

GABE'S CONSTRUCTION CO., INC. and The Transportation
Insurance Company, Defendants-Appellants,

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH,
Pennsylvania, Defendant-Co-Appellant.

Court of Appeals

*No. 97–0734. Submitted on briefs April 14, 1998.—Decided
May 5, 1998.*

(Also reported in 582 N.W.2d 118.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Edward A. Hannan* and *Jane F. Carrig* of *Hannan, Siesennop & Sullivan*, of Milwaukee.

On behalf of the defendant-co-appellant, the cause was submitted on the briefs of *Ross A. Anderson* and *Marci K. Winga* of *Whyte Hirschboeck Dudek S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael J. Gonring, Jeffrey Morris* and *Margaret C. Kelsey* of *Quarles & Brady*, of Milwaukee.

Before Fine, Schudson and Curley, JJ.

FINE, J. Gabe's Construction Co., Inc., and its insurers, Transportation Insurance Company and National Union Fire Insurance Co. of Pittsburgh, Pennsylvania, appeal from the trial court's grant of summary judgment to the Wisconsin Natural Gas Company on its suit to enforce an agreement by Gabe's Construction to indemnify Wisconsin Natural Gas. We reverse.

## I.

The material facts on this appeal are not disputed. Over the years, Wisconsin Natural Gas hired Gabe's Construction many times to lay pipe for the distribution of natural gas to Wisconsin Natural Gas's customers.[1] This case concerns a contract between Gabe's Construction and Wisconsin Natural Gas, executed in January of 1992, for a two-year period beginning April 1, 1992. Under that contract, Gabe's Construction was to install gas mains for Wisconsin Natural Gas in several southeastern Wisconsin communities. This contract, as with others before it, obligated Gabe's Construction to, among other things, "indemnify and save harmless" Wisconsin Natural Gas "from any and all claims, demands, suits, actions, proceedings, losses, costs, damages and expenses of every kind and description, including attorney fees, which may be brought or made against" Wisconsin Natural Gas "on account of injury or damages to persons . . . received or sustained by any person . . . by reason of any

---

[1] According to an officer of Gabe's Construction, his company "performed work on 22,373 projects for Wisconsin Natural Gas Company," and "has installed 4,385,335 feet of gas pipeline for the Wisconsin Natural Gas Company."

acts or omissions of" Wisconsin Natural Gas "or its officers, agents or employees, arising out of or in connection with or occurring during the course of, the performance of the work."[2]

In June and July of 1992, Gabe's Construction installed natural gas service to a building in Oak Creek, Wisconsin. In September of 1992, after Wisconsin Natural Gas had, in early August of 1992, accepted Gabe's Construction's work in connection with that installation, an employee of the Wisconsin Electric Power Company was injured in a natural gas explosion as he was applying heat to an electric-cable heat-shrink plastic wrap near the natural-gas pipeline installed by Gabe's Construction. The employee sued Wisconsin Natural Gas; Gabe's Construction was not

---

[2] The indemnification clause provides in full:

[Gabe's Construction] shall indemnify and save harmless [Wisconsin Natural Gas] and its officers, agents and employees from any and all claims, demands, suits, actions, proceedings, losses, costs, damages and expenses of every kind and description, including attorney fees, which may be brought or made against [Wisconsin Natural Gas] or its officers, agents or employees on account of injury or damage to persons (including claims for the death of any person or persons) or damage to property, received or sustained by any person, firm or corporation by reason of any acts or omissions of [Wisconsin Natural Gas] or its officers, agents or employees, arising out of or in connection with or occurring during the course of, the performance of the work, or any acts or omissions of [Gabe's Construction] or [its] officers, agents or employees, or any acts or omissions of a subcontractor or subcontractors or his or their officers, agents or employees, or any explosives used on the work, or the character of or any defects or deficiencies in methods, materials, ways, works, machinery, tools or the work itself, or any contingencies arising from such acts or omissions; such obligation to include indemnification of [Wisconsin Natural Gas], its officers, agents and employees, against consequences resulting either solely or jointly with others and proximately from its or their own causal negligence, active or passive.

17

named as a defendant. On September 30, 1994, a jury awarded $2.8 million to the electric-company employee.[3] In late December, 1994, the electric-com-

[3] The verdict question asking about negligence read: "Was the Wisconsin Natural Gas Company negligent with respect to the manner in which it or its agent, Gabe's Construction company, inspected the gas pipe in question?" The jury, one juror dissenting, answered this question "yes."

In light of the way the verdict question was phrased and answered, the following italicized assertions in the main brief submitted to us by National Union Fire Insurance Co. of Pittsburgh, Pennsylvania, are misleading at best:

Page 1: "In the underlying personal injury action, *the jury found that WNG's negligence in inspecting a natural gas pipe proximately caused the plaintiff's injuries. Gabe's was wholly without fault in the accident,* was never a party to the action, and was not provided with notice that WNG intended to seek indemnity with respect to such claims until after the verdict was entered, thereby eliminating any opportunity Gabe's may have otherwise had to defend the claims."

Page 18: "Here, in contrast, *the jury concluded that* the indemnitee's negligence resulted in over $2.8 million in damages to [the electric-company employee] and *the indemnitor was blameless.*"

National Union repeats on page 2 of its main brief that Gabe's Construction was "a wholly faultless party," and asserts throughout its main brief that it was "undisputed" that Gabe's Construction was not at fault or negligent. Although National Union is free to argue from the record that Gabe's Construction was "wholly faultless," it is not free to argue that the jury so found, and its assertions that its characterization of Gabe's Construction's culpability is "undisputed" are not supported by the record. (Of course, under the indemnification clause Gabe's Construction's fault or lack of fault is not relevant because Gabe's promised to indemnify Wisconsin Natural Gas for the consequences of not only its own negligence but also that of the gas company.)

pany employee settled with Wisconsin Natural Gas for $2.5 million.

Although Wisconsin Natural Gas contends that it is entitled to recover the $2.5 million settlement and its attorney's fees from Gabe's Construction by virtue of the indemnification clause in its contract with Gabe's Construction, it never notified Gabe's Construction that it viewed the electric-company employee's injuries

---

More disturbing than National Union's spin as to whether Gabe's Construction was negligent, and its misrepresentation of the jury's answer to the special-verdict question, is the following overt misstatement (which we italicize for ease of reference in its context) on page 11 of National Union's main brief on this appeal: "Gabe's was never a party to the [electric-company employee's] action, *nor was Gabe's included on the special verdict form.*" (Record references omitted; the record reference cited in support of the italicized statement ("R. 10 at 15–17") points to: page 3 of the special verdict, a yellow sheet separating exhibits submitted to the trial court in opposition to Wisconsin Natural Gas's motion for summary judgment, and the first page of the judgment in the action brought by the electric-company employee.) As noted, the first question of the special verdict asked whether "the Wisconsin Natural Gas Company [was] negligent with respect to the manner in which it *or its agent, Gabe's Construction company*, inspected the gas pipe in question." (Emphasis added.)

RULE 802.05(1)(a), STATS., made applicable to appeals by RULE 809.84, STATS., provides, among other things, that an attorney's signature on a document submitted to a court "constitutes a certificate that the attorney . . . has read" the document and that the document is "well-grounded in fact." We admonish National Union's appellate counsel, Ross A. Anderson, Esq., who signed National Union's main brief on this appeal, and Marci K. Winga, Esq., who appears with Mr. Anderson on that brief, that false and misleading statements in briefs filed in court contravene not only RULE 802.05(1)(a) but also SCR 20:3.3, which requires candor toward tribunals.

or lawsuit as being covered by that clause until October 19, 1994, nineteen days after the jury returned its verdict. Indeed, the uncontested summary-judgment record is that Wisconsin Natural Gas told Gabe's Construction, as related in affidavits submitted to the trial court by two of Gabe's Construction's officers, that Gabe's Construction was " 'not involved' " in the claim by the electric-company employee. Additionally, a lawyer who represented Wisconsin Natural Gas in the lawsuit brought by the electric-company employee testified in a deposition taken in this action by Gabe's Construction that he told an officer of Gabe's Construction that the gas company wasn't "pointing the finger" at Gabe's. Moreover, there is no dispute in the summary-judgment record but that, until this case, Wisconsin Natural Gas had always formally notified its contractors, including Gabe's Construction, of any claim that the gas company believed fell under the terms of the indemnification clause.

As noted, the trial court granted summary judgment to Wisconsin Natural Gas, and enforced the indemnification agreement. Holding, in essence, that a contract is a contract is a contract, the trial court rejected Gabe's Construction's argument that, among other things, Wisconsin Natural Gas breached its obligation of good faith and fair dealing.

## II.

 Our review of a trial court's grant of summary judgment is *de novo*. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We first determine whether the complaint states a claim. *Ibid.* If the complaint states a claim, we then determine whether "there is no genuine issue as to any

material fact" so that a "party is entitled to a judgment as a matter of law." *See* RULE 802.08(2), STATS.; *Green Spring Farms*, 136 Wis. 2d at 315, 401 N.W.2d at 820. "If it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to a summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor." RULE 802.08(6), STATS.

There is no doubt but that Wisconsin Natural Gas's amended complaint states a claim against Gabe's Construction under the indemnity provision of their contract. The issue is whether, under the undisputed facts of this case, Wisconsin Natural Gas breached its duty of good faith and fair dealing by not only not notifying Gabe's Construction that it believed that the electric-company employee's claim fell within the ambit of the indemnification clause of their contract, but also by assuring Gabe's Construction, before the jury returned its verdict in the underlying action, that it was not seeking to impose liability on Gabe's Construction for the electric-company employee's damages.

■

" 'Every contract implies good faith and fair dealing between the parties to it.' [Thus,] 'compliance in form, not in substance' breaches that covenant of good faith." *Bozzacchi v. O'Malley*, 211 Wis. 2d 622, 626, 566 N.W.2d 494, 495 (Ct. App. 1997) (citations omitted); RESTATEMENT (SECOND) CONTRACTS § 205 (1981). Although the covenant of good faith and fair dealing that is implied in all contracts "cannot override" a contract's "express" terms, obligations under those terms must be performed subject to that implied covenant, *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 586–587 (N.J. 1997), and "a party may be liable for breach of the implied contractual covenant of good faith

even though all the terms of the written agreement may have been fulfilled," *Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 796, 541 N.W.2d 203, 212 (Ct. App. 1995).

██

The indemnification clause did not require that Wisconsin Natural Gas give notice to Gabe's Construction of any claim for which Gabe's might be liable under that clause, and Wisconsin Natural Gas argues, therefore, that no notice was required. Further, Wisconsin Natural Gas contends that formal notice was not required in any event because Gabe's Construction knew about the electric-company employee's claim. In this case, however, we do not have to decide whether the implied duty of good faith and fair dealing requires notice when an indemnity agreement does not.[4] Wis-

---

[4] *Compare Chernin v. International Oil Co.*, 261 Wis. 543, 546, 53 N.W.2d 425, 427 (1952) (specific "tender" of defense to indemnitor will not be read into contract that does not require it; no allegation that indemnitor lacked either notice or actual knowledge) *with Cochrane Roofing & Metal Company, Inc. v. Callahan*, 472 So. 2d 1005, 1007 (Ala. 1985) (timely notice required even though indemnification agreement is silent on that point; no allegation of actual notice); *see generally Illinois Central Railroad Co. v. Blaha*, 3 Wis. 2d 638, 645, 89 N.W.2d 197, 200–201 (1958) (timely formal notice not required where indemnitor had timely actual knowledge of both claim and that indemnitee was seeking hold indemnitor liable); *Southern Railway Co. v. Arlen Realty and Development Corp.*, 257 S.E.2d 841, 843–844 (Va. 1979) (unless contract of indemnity provides, indemnitee's failure to give the indemnitor timely notice of, and opportunity to defend, claim does not bar recovery by indemnitee against indemnitor; indemnitor had actual notice and was impleaded in action by indemnitee); *McStain Corp. v. Elfline Plumbing & Heating, Inc.*, 558 P.2d 588, 590 (Colo. Ct. App. 1976) (absent contractual requirement, formal notice to indem-

consin Natural Gas does not dispute that before the jury returned its verdict in the underlying action it assured Gabe's Construction that it was not seeking to hold Gabe's liable for the electric-company employee's damages. It also does not dispute that Wisconsin Natural Gas always gave timely notice to Gabe's Construction when it sought to enforce Gabe's liability under the indemnification clause, but did not do so here.[5] This latter fact is significant because the way parties act under a contract helps set the parameters of

nitor not required where indemnitor had actual knowledge) (citing cases); *Carroll v. National Surety Co.*, 24 F.2d 268, 270 (D.C. Cir. 1928) (formal notice to indemnitor not required where indemnitor had actual knowledge).

[5] The statement on page 23 of the brief submitted to us by Wisconsin Natural Gas that Gabe's Construction "actively participate[d] in the defense of the lawsuit" between the gas company and the electric-company employee is, at best, misleading. Gabe's Construction knew of the lawsuit, and an employee responded to Wisconsin Natural Gas's request for trial-preparation help and trial testimony. This is not the type of "active participation" undertaken by an indemnitor seeking to protect its interests and mitigate its potential liability, as the gas company's bare phrase—standing alone—implies. Although lawyers necessarily clothe the facts of any case with spins favorable to their clients, the assertion that Gabe's Construction "actively participate[d] in the defense of the lawsuit" stretched advocacy beyond appropriate limits. We admonish Wisconsin Natural Gas's appellate counsel, Jeffrey Morris, Esq., who signed Wisconsin Natural Gas's brief on this appeal, and Michael J. Gonring, Esq., and Margaret C. Kelsey, Esq., who appear with Mr. Morris on that brief, that misleading statements in briefs filed in court contravene not only RULE 802.05(1)(a), STATS., (see footnote 2, above) but also SCR 20:3.3, which requires candor toward tribunals before whom lawyers appear.

their agreement. *See Jorgenson v. Northern States Power Co.*, 60 Wis. 2d 29, 34–35, 208 N.W.2d 323, 325–326 (1973) (collecting authorities).

■ Wisconsin Natural Gas's pre-verdict assurance to Gabe's Construction that the gas company was not seeking to hold Gabe's liable for the injuries suffered by the electric-company employee, in light of the gas company's consistent practice of telling Gabe's when it believed that Gabe's was liable to it under the indemnification clause, unfairly lulled Gabe's Construction into a false sense of security and prevented it from attempting to mitigate its liability. In short, after assuring Gabe's Construction, in word and deed, that it was not seeking to hold Gabe's liable under the indemnification clause, Wisconsin Natural Gas's post-verdict attempt to do so was a breach of its obligation to deal fairly with Gabe's Construction and in good faith as a matter of law.[6] Accordingly, Gabe's Construction is not liable to Wisconsin Natural Gas under the indemnification clause of the contract, and Gabe's is entitled to judgment as a matter of law dismissing Wisconsin Natural Gas's complaint. *See* RULE 802.08(6), STATS. ("If it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to a summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor.").[7]

---

[6] We recognize that it is ordinarily a question of fact whether a party to a contract has breached its obligations of good faith and fair dealing. *See Amoco Oil Co. v. Capitol Indemnity Corp.*, 95 Wis. 2d 530, 542, 291 N.W.2d 883, 890 (Ct. App. 1980). There are no disputed material facts here, however.

[7] We do not, therefore, discuss the alternate arguments advanced by Gabe's Construction and its insurers. *See Gross v.*

24

We reverse the judgment entered by the trial court, and remand with directions that judgment be entered in favor of Gabe's Construction Co., Inc., and its insurers, Transportation Insurance Company and National Union Fire Insurance Co. of Pittsburgh, Pennsylvania dismissing Wisconsin Natural Gas's complaint against them.

*By the Court.*—Judgment reversed and cause remanded with directions.

*Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).