**THE WEST BEND COMPANY, Plaintiff–Appellant,**

v.

**CHIAPHUA INDUSTRIES, INC., and Royal Insurance Company of America, Defendants–Appellees.**

No. 00–3522.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 2001.

Decided April 24, 2001.

---

West Bend marketed and sold a hot air popcorn popper, which was manufactured by Chiaphua. Chiaphua was insured by Royal Insurance Company and West Bend was an additional insured under the policy. In addition, West Bend and Chiaphua had a contract under which Chiaphua agreed to indemnify West Bend against all claims arising out of litigation regarding any goods covered by the order.

The case that underlies this indemnification claim arose out of a fire in October 1989, causing significant damage to the home of the Root–Palazzolo family in Connecticut. A 16–year–old babysitter, who was using the popper, said she saw smoke and flames coming from the appliance shortly after she plugged it in. The local fire marshal concluded that the popper caused the fire. Lawrence J. Dove Associates, retained by the Root–Palazzolos' property insurer to investigate the cause and origin of the fire, also concluded that the popper was the culprit. Insurance adjusters set the loss at $230,000. West Bend hired attorney Thomas Hagarty of Hartford, Connecticut, to defend the lawsuit, which was settled in May 1997 for $120,000. It is this settlement for which West Bend seeks indemnification.

In addition, there was another fire caused by the popper in December 1993 at the home of Lee Abrams in Wilmette, Illinois. A lawsuit was filed against West Bend in 1995.

After the settlement of the Root–Palazzolo case in 1997, West Bend provided notice to Chiaphua and Royal of both it and the Abrams case. West Bend sought reimbursement from Royal and Chiaphua for the Root–Palazzolo settlement and indemnification (along with a defense) in the Abrams case. Royal accepted the defense and indemnification obligation in the Abrams case but denied indemnification in

Before RIPPLE, KANNE, and EVANS, Circuit Judges.

## ORDER

In this case, brought under our diversity jurisdiction, 28 U.S.C. § 1331, The West Bend Company seeks indemnification from Royal Insurance Company of America and Chiaphua Industries, Inc. for a settlement paid as a result of a products liability claim against West Bend.

the Root–Palazzolo case, claiming that it had been prejudiced by late notice.

■ This lawsuit followed. Cross-motions for summary judgment were filed, and on August 31, 2000, the district court granted judgment for Chiaphua and Royal. West Bend appeals. We review a grant of summary judgment *de novo. Cuddington v. Northern Ind. Pub. Serv. Co.*, 33 F.3d 813 (7th Cir.1994). The parties agree that Wisconsin law applies, and under that law, insurance contracts are governed by the same rules of construction as other contracts. *Wisconsin Label v. Northbrook Prop. & Cas. Ins.*, 233 Wis.2d 314, 607 N.W.2d 276 (2000).

The notice provision of the insurance contract states:

2. Duties In The Event Of Occurrence, Claim Or Suit.

a. You must see to it that we are notified promptly of an "occurrence" which may result in a claim. Notice should include:

(1) How, when and where the "occurrence" took place; and

(2) The names and addresses of any injured persons and witnesses;

b. If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit";

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit;" and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

West Bend is not a named insured in the declarations; rather, it was covered under an "additional insured" endorsement, which provided that the "Who Is An Insured" provision was amended to include West Bend.

In an argument it made before the district court and in its brief in this court, but apparently—and wisely—abandoned at oral argument, West Bend said that because it was not a named insured it is not required to comply with the specific requirements in the notice provision of the policy. The district court was right to reject this argument.

■ The issue, then, is whether the notice complied with the terms of the policy and, if not, whether Royal was prejudiced by the delay. Wisconsin law, § 631.81, provides:

(1) TIMELINESS OF NOTICE. Provided notice or proof of loss is furnished as soon as reasonably possible and within one year after the time it was required by the policy, failure to furnish such notice or proof within the time required by the policy does not invalidate or reduce a claim unless the insurer is prejudiced thereby and it was reasonably possible to meet the time limit.

If notice is provided more than one year after the date the policy requires, there is "a rebuttable presumption of prejudice and the burden of proof shifts to the claimant to prove that the insurer was not preju-

diced by the untimely notice." If the notice was timely, then the insurer must show that it was prejudiced. *Gerrard Realty Corp. v. American States Ins. Co.,* 89 Wis.2d 130, 146, 147, 277 N.W.2d 863, 872 (1979). In *Town of Mount Pleasant v. Hartford Accident and Indem. Co.,* 241 Wis.2d 327, 2001 WL 41007, the Wisconsin Court of Appeals found that notice more than 30 months late was prejudicial as a matter of law and that the presumption had not been overcome because the insurer could not seek an immediate determination of coverage or control the defense. The policy before us requires "prompt" notice. It almost cannot be argued that notice provided 8 years after the occurrence is prompt; nor can it be argued that it is within one year of "prompt." Therefore, there is a presumption that Royal was prejudiced, and West Bend must show there was no prejudice.

■ Our *de novo* review leads us to the same conclusion reached by the district court. West Bend cannot meet its burden of showing a lack of prejudice. Royal was not able to investigate or evaluate the Root–Palazzolo fire until 1997, 8 years after the blaze. By then the house had long been rebuilt. Additionally, there are questions regarding the strength of the defense mounted to the lawsuit once it was filed. Royal, of course, had no opportunity to retain experts or influence the defense in any other way. The babysitter was never deposed. While the explanation that her testimony would not have helped the defense has some appeal, Royal should have been allowed to make the choice whether to depose her or any other persons. We sympathize with a party which is being required to prove a negative, as West Bend is here, but the Wisconsin Supreme Court has made the judgment that in this situation, the party providing late notice bears that burden.

■ West Bend's other claim is based on its contract with Chiaphua. The contract provides:

> Seller warrants the goods covered by this order are merchantable and fit for their intended purpose, safe for consumer use either alone or when combined in Buyer's product and acceptance of this order shall constitute an agreement on Seller's part to indemnify, defend, and hold harmless Buyer from and against all claims, liabilities, losses, damages or expenses including reasonable attorneys' fees, arising from or by reason of actual or claimed fault or defect or suitability or any litigation based thereon, with respect to any goods or part thereof covered by this order.

We also find that it is necessarily implicit in this contract that Chiaphua be given notice of the claim. Any other interpretation leads to absurdity. It follows, then, that notice must be provided in a more timely fashion than 8 years after the fact if West Bend is to expect indemnification. In *Wisconsin Natural Gas Co. v. Gabe's Construction Co.,* 220 Wis.2d 14, 582 N.W.2d 118 (1998), the Wisconsin Court of Appeals has suggested as much by saying that the duty of good faith and fair dealing could require notice even if an indemnity agreement does not. For these reasons, the judgment of the district court is AFFIRMED.